**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RAFAEL GUDINO** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-cv-04535** |
| | ) | |
| | ) | **Judge Manish S. Shah** |
| **P.O. STEVEN KELLEY #262 and** | ) | |
| **P.O. SCOTT McSHANE #266, Individually,** | ) | **JURY DEMAND** |
| **And the TOWN OF CICERO, a Municipal** | ) | |
| **Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, RAFAEL GUDINO, complaining against the Defendant, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266, Individually, and the TOWN OF CICERO, a Municipal Corporation as follows:

## COUNT I - EXCESSIVE FORCE

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, RAFAEL GUDINO, accomplished by acts and/or omissions of the Defendants, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266, and the TOWN OF CICERO, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, RAFAEL GUDINO, was at all relevant times, a United States citizen and resident of the State of Illinois.

4. At all relevant times, the Defendant, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266, were duly appointed Cicero police officers acting within their scope of employment and under color of law.

5. On or about February 6, 2020, the Plaintiff, RAFAEL GUDINO, was at his home at 2116 S. 47th in Cicero, Illinois.

6. Police officers came to the residence beating on the door.

7. Plaintiff's parents asked him to go find out what was going on.

8. Plaintiff exited the side door into the yard and locked gate and inquired as to what the police officers wanted.

9. The police said they were looking for "Diego."

10. Plaintiff informed them "Diego" was not there.

11. P.O. STEVEN KELLEY #262 said, "Open the gate, I want to come in."

12. Plaintiff informed Defendants that there was no "Diego."

13. P.O. STEVEN KELLEY #262 got mad and started yelling at Plaintiff RAFAEL GUDINO.

14. Immediately, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266 jumped the fence.

15. The Plaintiff, RAFAEL GUDINO, told Defendant P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266 to leave the property.

16. Defendant P.O. STEVEN KELLEY #262 and/or P.O. SCOTT McSHANE #266 tried to incite the Plaintiff, RAFAEL GUDINO, and kept telling Plaintiff to "hit him."

17. Plaintiff backed up toward the doorway, though one or more of the Defendants was trying to trip Plaintiff.

18. One or more of the Defendants, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266, physically attacked the Plaintiff.

19. Plaintiff was not committing a crime or breaking any laws.

20. The use of force against Plaintiff was unprovoked.

21. Said use of force was excessive and unreasonable.

22. Plaintiff was injured as a result of one or more of one of more of Defendants grabbing, pulling, pushing, and otherwise attacking him.

23. At all relevant times, Defendants were acting pursuant to the customs and policies of the Cicero Police Department.

24. Defendants' actions were intentional, willful, wanton, and with malice.

25. Said actions of the Defendants violated the Plaintiff, RAFAEL GUDINO'S, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

26. As a direct and proximate consequence of said conduct of Defendants, the Plaintiff, RAFAEL GUDINO, suffered violations of his constitutional rights, emotional anxiety, fear, monetary loss, pain and suffering and future pain and suffering.

WHEREFORE, the Plaintiff, RAFAEL GUDINO, prays for judgment in his favor and against the Defendants, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266 individually, jointly, and severally, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT II – FAILURE TO INTERVENE**

1-22. The Plaintiff, RAFAEL GUDINO, hereby realleges and incorporates his allegations of paragraphs 1-22 of Count I as his respective allegations of paragraphs 1-22 of Count II.

23. When Plaintiff, RAFAEL GUDINO, was attacked, the other defendant had an opportunity to intervene and prevent harm to the Plaintiff.

24. The defendants failed to intervene, though they had an opportunity to do so.

25. Plaintiff was injured as a result of the officer's failure to intervene.

26. At all relevant times, Defendants were acting pursuant to the customs and policies of the Cicero Police Department.

27. Defendants' actions were intentional, willful, wanton, and with malice.

28. Said actions of the Defendants violated the Plaintiff, RAFAEL GUDINO'S, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

29. As a direct and proximate consequence of said conduct of one or more of Defendants, the Plaintiff, RAFAEL GUDINO, suffered violations of his constitutional rights, emotional anxiety, fear, monetary loss, pain and suffering and future pain and suffering.

WHEREFORE, the Plaintiff, RAFAEL GUDINO, prays for judgment in his favor and against the Defendants, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266 individually, jointly, and severally, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – INDEMNIFICATION – TOWN OF CICERO

1 – 26. The Plaintiff, RAFAEL GUDINO, hereby realleges and incorporates his allegations of paragraphs 1 – 26 of Count I and paragraphs 1 – 29 of Count II as his respective allegations of paragraphs 1 – 35 of Count III as though fully set forth herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. The Defendants, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266, is or was an employee of the TOWN OF CICERO Police Department, who acted within his scope of employment in committing the misconduct described herein.

WHEREFORE, should the Defendants, P.O. STEVEN KELLEY #262 and P.O. SCOTT McSHANE #266, be found liable for any of the acts alleged above, the Defendant, THE TOWN OF CICERO, would be liable to pay the Plaintiff, RAFAEL GUDINO, any judgment obtained against the individual Defendant.

## JURY DEMAND

The Plaintiff, RAFAEL GUDINO, requests trial by jury.

Respectfully submitted,
RAFAEL GUDINO

By: *<u>/s/ Gregory E. Kulis</u>*
One of Plaintiff's Attorneys

**Gregory E. Kulis (No. 6180966)**
**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**p. (312) 580-1830 / f. (312) 580-1839**
**gkulis@kulislawltd.com**